IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BALLARD SHAWN,

        Petitioner,                  No. CIV S-11-2107 GGH P

   vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

        Respondents.            <u>ORDER</u>

/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        In his original petition, petitioner challenged the loss of credits while incarcerated. Petitioner stated that four separate violations resulted in the loss of 210 days. However, other than stating he lost 210 days, petitioner provided no information concerning the underlying events or disciplinary hearings that led to the loss of credits. The petition was dismissed with leave to amend so petitioner could provide more information. Petitioner has filed an amended petition.

        In the amended petition, petitioner challenges a 90 day loss of credits in 1996, another 90 days loss in 1997, 60 days in 2000 and 90 days in 2004. These incidents occurred at four different prisons. Petitioner alleges that these individual forfeitures exceeded the legal

limits available for one single act of misconduct.

However, petitioner cannot challenge four separate and distinct disciplinary hearings in one habeas petition. In addition, while it is not clear if petitioner properly challenged these findings in state court to exhaust the claims, all four findings appear to be well beyond the one year statute of limitations.[1] The original petition in this action was filed on August 9, 2011.

Therefore, petitioner shall show cause within 21 days, why this petition should not be dismissed for being untimely.

In accordance with the above, IT IS HEREBY ORDERED that petitioner shall show cause within 21 days, why this petition should not be dismissed for being untimely. Failure to respond will result in this action being dismissed.

DATED: October 17, 2011

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
shaw2107.ord

---

[1] The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2