IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BALLARD SHAWN,

      Petitioner,                         No. CIV S-11-2107 GGH P

   vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

      Respondents.                  ORDER

/

        Petitioner, a state prisoner proceeding pro se, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee and this case is before the undersigned pursuant to petitioner's consent. Doc. 4.

        In his original petition, petitioner challenged the loss of credits while incarcerated. Petitioner stated that four separate violations resulted in the loss of 210 days. However, other than stating he lost 210 days, petitioner provided no information concerning the underlying events or disciplinary hearings that led to the loss of credits. The petition was dismissed with leave to amend so petitioner could provide more information. Petitioner filed an amended petition.

        In the amended petition, petitioner challenged a 90 day loss of credits in 1996 for mutual combat, another 90 days loss in 1997 for involvement in a melee, 60 days in 2000 for

1

falsification of documents and 90 days in 2004 for refusing a "U/A". These incidents occurred at four different prisons. Petitioner alleges that each individual forfeiture exceeded the legal limits available for one single act of misconduct at each time. An order to show cause was issued on why this case should not be dismissed for being untimely and petitioner replied that he found new evidence in 2007, apparently for all violations, and exhausted the claims in state court.

However, petitioner cannot challenge four separate and distinct disciplinary hearings in one federal habeas petition. See Rules § 2254 Cases, Rule 2(e).[1] In addition, the allegations of each incident is insufficient for a habeas claim. The court will order the clerk to create four separate cases for petitioner for each claim. Each one is dismissed with leave to amend. If petitioner chooses to continue with each case he must file a new petition with specific allegations for each incident and petitioner must pay the filing fee or file an application to proceed in forma pauperis for each petition. The instant case, S-11-2107, will continue on the claim from 1996. The Clerk of the Court shall open three new cases assigned to this judge for the incident from 1997, 2000 and 2004,

In accordance with the above, IT IS HEREBY ORDERED that:

1. The first amended petition is dismissed for the reasons discussed above. The instant docket, S-11-2107, will continue on the claim from 1996, but petitioner must file an amended petition in this case, solely regarding the 1996 claim, within 28 days.

2. The Clerk of the Court shall open three news cases, one for each incident from 1997, 2000 and 2004. Each new docket should include the First Amended Petition (Doc. 6) and a copy of this order. In each of the three new cases, the petition is dismissed, and petitioner must file an amended petition, solely regarding one claim, within 28 days.

\\\\\

---

[1] Even though the Rule refers to "judgment of more than one state court," analogously, it applies to more than one disciplinary conviction. That the state courts may consolidate review of separate "convictions" does not abrogate the rule here. There may well be federal jurisdiction/venue problems if the federal courts consolidated separate habeas proceedings.

2

3. Failure to file amended petitions in any of the now four cases, will result in that case being dismissed.

4. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for the new cases assigned to the undersigned, if required.

DATED: January 26, 2012

                                      /s/ Gregory G. Hollows
                                UNITED STATES MAGISTRATE JUDGE

GGH: AB
shaw2107.ord2