IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN BALLARD,

      Petitioner,                 No. CIV S-11-2107 GGH P

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

      Respondents.           ORDER

/

        Petitioner, a state prisoner proceeding pro se, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee and this case is before the undersigned pursuant to petitioner's consent. Doc. 4.

        In his original petition, petitioner challenged the loss of credits while incarcerated. Petitioner stated that four separate violations resulted in the loss of 210 days. However, other than stating he lost 210 days, petitioner provided no information concerning the underlying events or disciplinary hearings that led to the loss of credits. The petition was dismissed with leave to amend so petitioner could provide more information. Petitioner filed an amended petition.

        In the amended petition, petitioner challenged a 90 day loss of credits in 1996 for mutual combat, another 90 days loss in 1997 for involvement in a melee, 60 days in 2000 for

falsification of documents and 90 days in 2004 for refusing a "U/A." These incidents occurred at four different prisons. Petitioner alleges that each individual forfeiture exceeded the legal limits available for one single act of misconduct at each time. The four separate incidents were severed and four separate habeas petitions were filed.[1] The instant petition involves the 1996 prison discipline hearing and petitioner has filed a second amended petition.

An order to show cause was issued on why this case should not be dismissed for being untimely and petitioner replied that he was unaware of the violation of CDCR rules and his right to due process until 2007, eleven years later. Doc. 12. Petitioner states that when he learned that the forfeiture exceeded what was allowed, he filed appeals in California State courts.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

It appears petitioner is relying on § 2244(d)(1)(D), however it seems that petitioner had simply not checked the applicable regulations until 2007. Petitioner provides no

---

[1] The other cases were dismissed as petitioner chose not to file amended petitions.

information concerning what prevented him from discovering the prison regulations and it appears petitioner easily could have discovered this regulation through due diligence.  Therefore, petitioner is not entitled to a later start date and this petition is well past the statute of limitations.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The second amended petition is dismissed and this case is closed;

2. A certificate of appealability is not issued in this action

DATED: May 9, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
shaw2107.dis